IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| Melanie Hogan Sluder and ) <br> Ricky Shawn Curtis, Individually ) <br> and as Independent Administrators ) <br> of the Estate of Alexis Marie Sluder, ) <br> Deceased, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Rebecka Phillips, et al, ) <br> ) <br> Defendants. ) | Case No. 4:24-cv-00181 |

**Joint Preliminary Report and Discovery Plan**

COME NOW, Plaintiffs, by and through counsel, and Defendants, by and through counsel, pursuant to FED. R. CIV. P. 26(f) and Local Rule 16.2 file this written report as follows:

1.  **Description of Case**.

    **(a) Describe briefly the nature of this action.**

    Plaintiff alleges all defendants violated the constitutional rights of Alexis Sluder for failing to provide her medical care while she suffered a medical emergency in a Department of Juvenile Justice detention facility. Plaintiff alleges they caused her death, pain and suffering.

    **(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**For Plaintiff:** Alexis was brought into the Elbert Shaw Regional Youth Detention Center in the late hours of August 26, 2022. Shortly after she was booked, she began to show signs of a medical emergency. Multiple defendants engaged in discussions about what to do with Ms. Sluder, but emergency services were not called for approximately four (4) hours). At least one defendant remained in the hallways with her for the entirety of the emergency. There is video evidence of the entire incident. Ms. Sluder was pronounced dead in the early hours of August 27. Criminal charges are being pursued against four defendants in Whitfield County.

**For Defendants:** Alexis Sluder was arrested and brought into the Elbert Shaw Regional Youth Detention Center by the Union County Sheriff's Office on August 26, 2022. Shortly after she was processed, Sluder began to display symptoms requiring potential drug screening or other medical attention. Staff at the detention center monitored Sluder, but due to resource issues, Sluder was not immediately transported to the hospital or taken for screening. Staff at the detention center made efforts to monitor Sluder, and emergency services were summoned when it was discovered that Sluder was in medical crises. However, Sluder was pronounced dead at hospital in the early hours of August 27.

**(c) The legal issues to be tried are as follows:**

Section 1983 claims against all Defendants.

(d) **The cases listed below (include both style and action number) are:**

(1) **Pending Related Cases:**

*State of Georgia v. Maveis Brooks, Rebecka Phillips, Russell Ballard, David McKinney, and Monica Headrick*, 23CR01094-S, Superior Court of Whitfield County, GA.

(2) **Pending Adjudicated Related Cases:**

N/A

2. **This case is complex because it possesses one or more of the features listed below (please check):**

|  |  |  |
|---|---|---|
| (1) | ☒ | Unusually large number of parties |
| (2) | ☐ | Unusually large number of claims or defenses |
| (3) | ☐ | Factual issues are exceptionally complex |
| (4) | ☒ | Greater than normal volume of evidence |
| (5) | ☒ | Extended discovery period is needed |
| (6) | ☐ | Problems locating or preserving evidence |
| (7) | ☒ | Pending parallel investigations or action by government |
| (8) | ☒ | Multiple use of experts |
| (9) | ☐ | Need for discovery outside United States boundaries |
| (10) | ☐ | Existence of highly technical issues and proof |
| (11) | ☐ | Unusually complex discovery of electronically stored information |

3. **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**For Plaintiff:** Sam Harton, Esq.

**For Defendant(s):** Garrett Greiner, Esq. for Def. McKinney; Tim Buckley, Esq. for Def. Headrick; Annarita McGovern, Esq. for Def. Ballard; Ryan Ray, Esq. for Def. Ellis and Gilmer County; and, Chuck Cole, Esq.[1] for Def. Phillips. Defendant Brooks has not made an appearance yet.

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

☐ Yes    ☒ No

If "yes", please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to this action:**

   **(a) The following persons are necessary parties who have not been joined:**

   None at this time.

   **(b) The following persons are improperly joined as parties:**

   None at this time.

---

[1] Plaintiff notes that Attorney Cole, Esq. ("Cole") participated in the September 12, 2024 conference. Cole is currently on a leave of absence and was not available to comment formally on some minor changes to this Proposed Order. Notwithstanding, this Order is entered with the consent and approval of the remaining counsel for defendants, as signed below. This Order is not entered to prejudice the rights of Def. Phillips or Counsel and is entered to comply with LR 16.2.

    **(c) The following persons are improperly joined as parties:**

        Defendants' position is that Gilmer County is not a municipal corporation and that this party should be listed in the complaint as a Gilmer County, Georgia.

    **(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.   **Amendments to Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

        Plaintiff will amend the Gilmer County, Georgia name. Plaintiff proposes a deadline to amend the pleadings fourteen days from entrance of this Order.

    **(b) Amendments to pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7.   **Filing Times for Motions**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should not include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

9. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

10. **Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The actions of each defendant did or did not take to account for Ms. Sluder's safety; the cause of Ms. Sluder's death, pain, and suffering, including but not limited to whether or how defendant's acts or ommision caused her injuries; policies and procedures implemented by both the State of Georgia and Gilmer County which relate to the acts and ommisions committed by each defendant; damages.

The parties request an eight (8) month discovery period.

**If the parties anticipate that additional time beyond that allowed by the**

**assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiff does not anticipate the need for an extended discovery period at this time, but notes that one Defendant has filed a motion for a partial stay of discovery. Plaintiff has responded to that motion, and its outcome will affect Plaintiff's ability to gather all necessary evidence depending on the expediency of the underlying criminal case.

**11. Discovery Limitations and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties will submit a proposed protective order concerning the juvenile records that will be in evidence in this case.

**(b) Is any party seeking discovery of electronically stored information?**

☒ Yes    ☐ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

There are current electronic files of which the parties are not currently in

possession. The parties will be seeking electronically stored information but the scope of such production is unknown at this time.

The parties have agreed to reasonably limit any search terms associated with ESI so that they are tailored to the needs of this litigation.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have agreed to produce PDFs of evidence to the extent possible.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 12, 2024, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff: Lead counsel (signature):**  /s/ Sam Harton, Esq.

**Other participants:**

**For defendant: Lead counsel (signature):**

**Other Participants[2]:**

    **(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

    ☐ A possibility of settlement before discovery.

    ☒ A possibility of settlement after discovery.

    ☐ A possibility of settlement, but a conference with the judge is needed.

    ☐ No possibility of settlement.

(c) Counsel ☐ do or ☒ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

    **(d) The following specific problems have created a hindrance to settlement of this case.**

    None at this time.

**14. Trial by Magistrate Judge:**

    **Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

---

[2] Plaintiff notes that counsel for Defendant Brooks did not participate as she has not yet appeared.

(a) The parties ☐ do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20\_\_\_.

(b) The parties ☒ do not consent to having this case tried before a magistrate judge of this Court.

*/s/ Sam Harton, Esq.* _____  _____
Counsel for Plaintiff                                            Counsel for Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:


IT IS SO ORDERED, this _____ day of _____, 2024.


_____
UNITED STATES DISTRICT JUDGE

Order presented by:

THE BOONE FIRM, P.C.
Counsel to Plaintiff

By: */s/ Harold Boone, Jr.*
Georgia Bar No. 168008
THE BOONE FIRM, P.C.
2881 Main Street
Suite 200
East Point, GA 30344
Telephone: (470) 765-6899
Facsimile: (470) 745-6047
hboonejr@boonefirm.com

*/s/ Sam Harton*
Sam Harton, Esq.
Counsel to Plaintiff

Romanucci and Blandin, LLC
Sam Harton, *pro hac*
Bhavani Raveendran, *pro hac*
321 N. Clark St.
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
braveendran@rblaw.net

sharton@rblaw.net

Consented to by:

*/s/ Ryan L. Ray*
Ryan L. Ray, Esq.
Counsel to Def. Ellis
Womack, Rodham & Ray, P.C.
P.O. Box 549
109 East Patton Street
LaFayette, Georgia 30728
Tel: 706.638.2234
Fax: 706.638.3173
rray@wrrlawfirm.com


*/s/ Annarita McGovern*
Annarita McGovern, Esq.
Counsel to Def. Ballard
Annarita McGovern Law, LLC
125 Stonemist Court
Roswell, GA 30076
(678) 488-6681
annarita@amcgovernlaw.com

*/s/ Garrett R. Greiner*
Garrett R. Greiner, Esq.
Counsel to Def. McKinney
*Gannam Gnann & Steinmetz LLC*
P.O. Box 10085
Savannah, GA 31412
Tel: (912) 232-1192
ggreiner@ggsattorneys.com

*/s/ William Driggers*
William Driggers, Esq.
Counsel to Def. Headrick
2970 Clairmont Road NE, Suite 650
Atlanta, GA 30329
www.bchlawpc.com
wdriggers@bchlawpc.com
404-974-4595 direct
404-633-9230 main

404-633-9640 fax
tbuckley@bchlawpc.com
wdriggers@bchlawpc.com