# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA—ROME DIVISION

| | | |
|---|---|---|
| Melanie Hogan Sluder and Ricky Shawn Curtis, Individually And as Independent Administrator of the Estate of Alexis Marie Sluder, Deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:24-181 |
| v. | ) ) | |
| Rebecka Phillips, et al., | ) ) | |
| Defendants. | ) | |

## PROPOSED ORDER FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

The parties are aware that the production of ESI discovery is an iterative process.

**3. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

    a)      Only ESI created or received between January 2022 through the present will be preserved;

    b)      Within 7 days of the entry of this Order, the Parties shall exchange proposed lists of the individual custodians from whom they seek to collect Electronic documents. Within 14 days from the exchange of proposed individual custodian lists, the Parties shall agree to an initial list of individual custodians to be included as the sources for the production of Electronic Documents. If the Parties cannot reach agreement by that time after a good faith effort to resolve the dispute, the Parties may make an application to the Court in accordance with the Court's Rules to seek a ruling as to the disputed custodians. The Parties reserve the right to seek additional custodians to be included as the sources for production of Electronic Documents.

4.  **SEARCH**

Within 7 days of the entry of this Order, the Parties shall exchange lists of search terms and date ranges for filtering each Party's respective custodial and non-custodial sources. Within 14 days of the exchange of initial search term and date range lists, the Parties shall agree upon the search terms and date ranges for each Party's respective filtering custodial and non-custodial sources. If the Parties cannot reach agreement by that time after a good faith effort to resolve the dispute, the Parties may make an application to the Court in accordance with the Court's Rules to seek a ruling as to the disputed search terms and/or date ranges. The Parties reserve the right to modify or supplement the initial list of search terms and dates for filtering the collected ESI.

Each Party will search its custodians' e-mail files and other Electronic Document sources for all e-mails and other Electronic Documents

The parties have agreed that metadata shall be preserved and produced in discovery.

The parties have agreed that familial relationships for embedded files or emails with attachments shall be preserved and produced in discovery.

The scope of the parties' ESI search and collection as set forth herein in no way diminishes the parties' obligation under the Federal Rules of Civil Procedure to search for and produce non-privileged, responsive Documents in their custody and control, unless otherwise agreed upon by the parties or ordered by the Court. Use of the search methodology described in this Stipulation does not relieve a Party of its obligations to conduct a reasonable search and produce all non-privileged discoverable Documents of which it is aware, whether or not those Documents are in the custody of an agreed custodian or are returned by agreed search filters.

5.  **PRODUCTION FORMATS**

The parties agree to produce documents in PDF and native file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process. The parties agree that the scope of production includes Hard Copy Documents as well as Electronic Documents and ESI.

To the extent identical copies of ESI exist in a Producing Party's files, the Producing Party need only produce one such identical copy. Each Producing party may remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. Near-duplicate documents shall not be removed without prior agreement of the Parties. If global de-duplication is done across the entire collection, the "All Custodians" metadata field will list each agreed production custodian, separated by a semi-colon, who was the source of that document.

Any redacted material must be clearly labeled on the face of the Document as having been redacted and shall be identified as such in the load file provided with the production.

A TXT or DAT load file must be delivered with the requested fields and metadata as shown below. If specific fields cannot be provided for a particular document, the field should be left blank. In the case of email, the email will be the parent, and attachment(s) will be the child/children. Email parents and attachments/children must be Bates Numbered consecutively and sorted by email parent followed by attachment/child.

Native-path and text-path should be included in the DAT/TXT load file.

The delimiters for the file must be as follows (Standard Concordance Delimiters):

Comma –ASCII character 20 (¶)

Quote – ASCII character 254 (þ)

The first line shall be the header with field names indicating the contents of each field, and each subsequent line shall contain the fielded data for each document. Fielded data will be provided to the extent it is able to be extracted from the native files.

| Metadata Fields: | Description: |
| --- | --- |
| Bates Beg | The Bates number or file identification number of the start of the document. |
| Bates End | The Bates number or file identification number of the end of the document. |
| Bates Beg Attach | The beginning Bates number or file identification number of the first document in the parent/attachment group. |
| Bates End Attach | The ending Bates number or file identification number of the last document in the parent/attachment group. |
| Email To | The recipient of the document or email. |
| Email From | The sender of the email. |
| Email CC | Persons copied on the document or email. |
| Email BCC | Persons blind-copied on the document or email. |
| Custodian | The person who maintains custody of the document or email. |
| All Custodians | Semi-colon delimited list of all custodians with custody of the file within the collected data set. |
| File Extension | The original extension of the file. |
| Author | The author of the document. |
| Date/Time Created | Date the document or email was created. Formatted in a single field as mm/dd/yyyy HH:MM AM/PM. |
| Date/Time Sent | Date the document or email was sent. Formatted in a single field as mm/dd/yyyy HH:MM AM/PM. |
| Date/Time Received | Date the document or email was received. Formatted in a single field as mm/dd/yyyy HH:MM AM/PM.. |
| Date/Time Last Modified | Date last modified for attachments and standalone files. Formatted in a single field as mm/dd/yyyy HH:MM AM/PM. |
| Date Last Printed | Date last printed for attachments and standalone files. |
| Email Subject | The subject line(s) of the email. |
| File Name | File name of the electronic document. |
| Original Folder Path | Original file path as maintained by the operating system or network. |
| Folder Name | Email or document folder information. |
| MD5, SHA-1, or SHA-1 | The identifying value used for deduplication and authentication. |

| Hash | |
|---|---|
| Processing Time Zone | The standardized time zone used for processing. |
| Confidential Designation | Designation of any confidentiality claim applied to the document. |
| Native File Path | File path to location of native format document. |
| Text Path | File path to extracted text (or OCR in the case of redacted images) of the document. |
| Participants | Text-specific field. Lists all participants in a chat or text conversation. |
| Message Type | Text-specific. Notes type of message (SMS, MMS). |
| Custodian Phone Number | Text-specific field. |
| Phone Model | Text-specific field. |
| OS | Text-specific field. Notes Operating System of the phone or mobile device. |
| OS Version | Text-specific field. Operating System version of the phone or mobile device. |
| Conversation ID | Text-specific field. Notes Conversation ID number of text/chat. |
| Conversation Start Date | Text-specific field. |
| Conversation End Date | Text-specific field. |
| Attach Count | Text-specific field. |
| Message Count | Text-specific field. |

## 6. FOLDER STRUCTURE

Data: Within the volume folder should be a "Data" folder containing the load files.

Images: Within the volume folder should be an "Images" folder containing the page level PDF files. Image subdirectory folders should be incremented by 1.

Natives: Within the volume folder should be a "Natives" folder containing any native files that are produced. A link (NativeLink) to the native files should be included in the .TXT/.DAT load file. NativeLink should be the path to the native from the media volume.

Text: Within the volume folder should be a "Text" folder containing any text files that are produced.

Text should be provided at a document level. A link (TextLink) to the file should be included in the .TXT/.DAT load file. TextLink should be the path to the text from the media volume.

## 7. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon process pursuant to Fed. R. Civ. P. 26(b)(5) as follows: privileged documents shall be listed on a privilege log, with the date, author, recipients, and a brief description of the document to support the assertion of privilege.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

**8.     MODIFICATION**

This Order may be modified upon motion to the Court for good cause shown.

_____
U.S. District Judge


_____
Date