# EXHIBIT A

# Proposed Protective Order

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| MELANIE HOGAN SLUDER, and | * | |
| RICKY SHAWNN CURTIS, | * | |
| Individually and as Independent | * | |
| Administrators of the Estate of Alexis | * | |
| Marie Sluder, Deceased | * | CIVIL ACTION FILE |
| | * | No. 4:24-cv-00181-WMR |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| REBECKA PHILLIPS, et al., | * | |
| | * | |
| Defendants. | * | |

## PROTECTIVE ORDER

Whereas Plaintiffs filed this action under 42 U.S.C. § 1983 alleging that Defendants violated the Fourteenth Amendment of the United States Constitution in connection with the death of Alexis Marie Sluder on August 27, 2022;

Whereas Plaintiffs issued a subpoena to non-parties Georgia Bureau of Investigation ("GBI") and Georgia Department of Juvenile Justice ("DJJ"), seeking records, documents, investigative files, video(s), and other materials relating to the death of Ms. Sluder on August 27, 2022;

NOW THEREFORE, it is hereby ordered:

1. *Scope.* All Documents produced or adduced by third parties GBI and/or DJJ (hereinafter collectively the "producing third parties"), shall be subject to this

1

Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. *Confidential Information*. As used in this Order, "Confidential Information" means Documents or information contained therein designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing third parties by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute, including but not limited to O.C.G.A. §§ 49-4a-8 and 15-11-1, 34 U.S.C. § 11133, and HIPAA; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information. Documents or information that are available to the public may not be designated as Confidential Information.

3. *Designation*.

   A. The producing third parties may designate Documents as Confidential

Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the Documents and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the Documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a Document does not mean it has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any Documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents or materials that do not contain substantial portions or images of the text of marked Documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

B. The designation of a Document as Confidential Information is a certification by the producing third parties or their counsel that the document contains Confidential Information as defined in this order.

4. *Protection of Confidential Material*:

> A. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.
>
> B. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(vii). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:
>
>> i. Counsel for the parties and employees of counsel who have responsibility for the action;
>>
>> ii. Parties;
>>
>> iii. The Court and its personnel;
>>
>> iv. Court Reporters and Videographers engaged for purposes related to this action;
>>
>> v. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of

        Understanding and Agreement to Be Bound..

    vi. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    vii. Others by Consent. Other persons only by written consent of the producing third party or upon order of the Court and on such conditions as may be agreed or ordered.

C. Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

5. Inadvertent Failure to Designate. An inadvertent failure to designate a Document as Confidential Information does not, standing alone, waive the right to so designate the document. If a producing third party designates a Document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the Document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

6. Filing of Confidential Information. Any party seeking to file a Document or information designated as Confidential Information in this litigation shall seek to file the Document or Confidential Information under seal. This Order does not, by itself, authorize the filing of any Document under seal. Any party seeking to file a Document under seal must comply with LR 26.2 and any other applicable rules.

7. Challenges to Designation as Confidential Information. The designation of any Document or information as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

A. Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with the designating party or its counsel. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

B. Judicial Intervention. If the challenging party and the designating party cannot resolve the dispute without court intervention, the party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

8. Action by the Court. Applications to the Court for an order relating to

Documents or information designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party or third party under this Order limits the Court's power to make orders concerning the disclosure of Documents produced in discovery or at trial.

9. Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any Document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present at a hearing or trial Confidential Information produced by third party GBI or third party DJJ shall bring that issue to the Court's, the parties', and the applicable third-party's attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such Documents or information at trial.

10. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

   A. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    B. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

    C. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

11. Nothing in this Protective Order is intended to limit any rights of members of the public to access documents, including but not limited to rights under the Georgia Open Records Act.

12. Obligations on Conclusion of Litigation.

A. Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

B. Obligations at Conclusion of Litigation. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and Documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the parties and producing third party agree to destruction to the extent practicable in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing third party that it has done so.

C. Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy Documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all Documents

filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

    D. Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

13. Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party, producing third party, or any other person with standing concerning the subject matter.

14. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and third parties DJJ and GBI and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Document, information or material designated Confidential Information by counsel, the parties, or third parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, third parties GBI and DJJ, and persons made subject to this Order by its terms.

SO ORDERED, this \_\_\_\_ day of _____, 2025.

_____

Hon. William M. Ray II
United States District Judge

# ATTACHMENT A

## To Protective Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| MELANIE HOGAN SLUDER, and<br>RICKY SHAWNN CURTIS,<br>Individually and as Independent<br>Administrators of the Estate of Alexis<br>Marie Sluder, Deceased<br><br>Plaintiffs,<br><br>v.<br><br>REBECKA PHILLIPS, et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION FILE<br>No. 4:24-cv-00181-WMR |

**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER
AND AGREEMENT TO BE BOUND**

The undersigned acknowledges by his/her signature below that s/he has received a copy of the signed Protective Order, dated _____ and filed in the above-captioned civil action, and consents and agrees to be bound by the terms and conditions of the Order.

_____
Printed name of signor

_____
Signature of signor

_____
Date

14