**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| Melanie Hogan Sluder et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:24-cv-00181 |
| | ) | |
| v. | ) | |
| | ) | |
| Rebecka Phillips, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**Plaintiffs' Unopposed Motion for an Extension to the Discovery Schedule**

Plaintiffs, by and through their attorneys, move this Honorable Court to grant a three-month extension of discovery in this case. Despite Plaintiffs' diligent discovery efforts and enforcement motions, this case has been stagnated by their inability to obtain documents from those in possession of them (primarily third-party subpoena respondents). Accordingly, Plaintiffs have been unable to obtain the discovery they need to prosecute their claims, so they seek an extension of discovery. This request is unopposed.

This case was filed on July 23, 2024, by the parents of Alexis Sluder, who died in August 2022, inside of a youth detention facility in Dalton managed and operated by the Georgia Department of Juvenile Justice (DJJ). Plaintiffs allege that Alexis's death was the result of deliberate indifference on the part of DJJ Rebecka Phillips, Maveis Brooks, David McKinney, Monica Headrick, and Russell Ballard, as well as Gilmer County Sheriff's Deputy Sharon Ellis. Shortly after her death, the DJJ launched an internal investigation, and the Georgia Bureau of Investigation (GBI) launched a criminal investigation. A year after Alexis's death, the Whitfield County District Attorney (Whitfield DA) indicted the five DJJ employees who are Defendants in this case.

Plaintiffs have diligently pursued the evidence they need to prove their claims but have not been furnished with the necessary records to prosecute their case at the time of this filing. They have

1

issued discovery requests on every named Defendant in this case. They have served subpoenas on the DJJ, GBI, Whitfield DA, and other entities. These efforts have not rendered substantial production. This is primarily because the third parties who are in possession of most material discovery in this case—namely the DJJ, GBI, and Whitfield DA—have raised objections to subpoenas and refused to produce records. This has resulted in frequent conferrals and extensive discovery motion practice. See e.g., ECF 63, 67, 75, 77, 79, 82.

Now, Plaintiffs have come to an agreement with the DJJ, GBI, and Whitfield DA that, if the Court grants DJJ and GBI's Unopposed Motion for Protective Order (ECF 77), those entities would produce the records responsive to the subpoena. These records include the video of Alexis's death, the related internal investigation report, and other records central to the Plaintiffs' claims.

While Plaintiffs are optimistic that their agreement with the DJJ, GBI, and Whitfield DA presents a path forward through discovery, their initial delays have prejudiced Plaintiffs regarding the current Scheduling Order. ECF 48. Discovery in this matter closes May 16, 2025, and Plaintiffs are required by the Local Rules to disclose any experts supporting their claims with enough time to allow Defendants to produce experts in response to those disclosures before discovery closes. Plaintiffs have, thus, gone almost the entire discovery period without the evidence most central to her claims despite their multiple requests, subpoenas, conferrals, and enforcement motions. Their experts cannot, at this time, be furnished with the necessary information to render a report that complies with Fed. R. Civ. P. 26(a)(2), and Plaintiffs cannot finalize their discovery efforts in the next two months when they have hardly been able to obtain, much less take, any discovery at all.

Accordingly, Plaintiffs request a three-month extension of the discovery deadline such that the Scheduling Order, ECF 48, is amended as follows:

a) Discovery to close August 18, 2025.

b) Summary Judgment Motions due on September 16, 2025.

On March 3, 2025, lead counsel for Plaintiffs emailed all defense counsel and asked if they opposed this extension. Counsel for Defendants Phillips, Brooks, Ballard, Ellis, and McKinney have confirmed that they did not object to Plaintiffs' request for this extension. Counsel for Defendant Headrick has not responded to Plaintiff's email but has not raised any objection or indicated any opposition in the eleven days since Plaintiffs' counsel sent that correspondence.

In the seven months since this case was filed, Plaintiffs have been unable to obtain discovery regarding the death of their 16-year-old daughter despite making diligent efforts to do so. Given the delays outside of Plaintiffs' control, it would substantially prejudice Plaintiffs if discovery were to close in sixty days with such a skeletal record. Accordingly, there is good cause to grant Plaintiffs' motion to extend the discovery deadline. This motion is not brought for purposes of delay or any other improper purpose.

Wherefore, for the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court grant a three-month extension of the current discovery schedule.

/s/ Sam Harton
One of Plaintiff's Attorneys
Romanucci and Blandin, LLC
Sam Harton (pro hac vice)
Bhavani Raveendran (pro hac vice)
321 N. Clark St. Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: sharton@rblaw.net

Harold Boone, Jr.
The Boone Firm, P.C.
100 Hartsfield Center Parkway
Suite 100
Atlanta, GA 30354
(470) 765-6899 (phone)
(470) 745-6047 (fax)