## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

MELANIE HOGAN SLUDER and
RICKY SHAWN CURTIS, Individually
and as Independent Administrators
of the ESTATE OF ALEXIS MARIE
SLUDER, Deceased,

    *Plaintiffs*,

 vs.

REBECKA PHILLIPS, MAVEIS
BROOKS, RUSSELL BALLARD,
DAVID MCKINNEY, MONICA
HEADRICK, SHARON ELLIS, and
GILMER COUNTY (A MUNICIPAL
CORPORATION),

    *Defendants*.

Civil Action File No.
4:24-CV-00181-WMR

### DEFENDANT DAVID MCKINNEY'S MOTION FOR
### PARTIAL STAY OF DISCOVERY AND BRIEF IN SUPPORT

**NOW COMES** DAVID MCKINNEY, a Defendant in the above-styled action (hereafter "Defendant" or "McKinney"), and files this motion seeking a partial stay of discovery until resolution of the pending criminal prosecution against him in the Superior Court of Whitfield County. Specifically, Defendant McKinney seeks to be relieved from providing any sworn testimony at depositions, until the criminal prosecution is resolved.

In support of this motion, Defendant submits the following Brief in Support with arguments and citations to authority:

## <u>MCKINNEY'S BRIEF IN SUPPORT OF HIS</u><br><u>MOTION FOR PARTIAL STAY OF DISCOVERY</u>

### I.    Brief Factual Summary

In their Complaint, Plaintiffs assert a claim under 42 U.S.C. § 1983 against Defendant McKinney [*see* Doc. 1 at 47–51, ¶¶ 207–219] arising out of the death of Plaintiffs' minor child, Alexis Sluder, from a drug overdose while she was in custody at the Elbert Shaw Regional Youth detention facility in Dalton, Georgia ("RYDC"). [*See Id.* at 7–24, ¶¶ 35–139]. Defendant McKinney has been indicted (along with four other individual co-defendants in this case) and is being criminally prosecuted on one count of second-degree cruelty to children arising out of the same events that are at issue in this civil case. [Id. at 28, ¶ 150; *see also* Doc. 26 at 27, ¶ 150]. Pursuant to O.C.G.A. §16-5-70, a person convicted of cruelty to children in the second-degree is subject to imprisonment of up to 10 years.

Plaintiffs filed this civil action on July 23, 2024. [Doc. 1]. Since that time, the parties have exchanged in limited written discovery, but no depositions have been noticed. Defendant now moves for a partial stay of discovery in this case, requesting that he not be required to provide any sworn testimony at deposition until his criminal case is resolved because his Fifth Amendment rights would otherwise be implicated.

## II.    Argument and Citation to Authorities

A district court has broad discretion to stay proceedings in furtherance of its inherent power to control its own docket and when it serves the interests of justice. *Marti v. Iberostar Hoteles y Apartmentos S.L.*, 54 F. 4th 641, 649 (11th Cir. 2022). In exercising this discretion in the context of parallel civil and criminal cases where a defendant's Fifth Amendment rights may be implicated, district courts may consider a variety of factors, including: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the extent to which the defendant's Fifth Amendment rights are implicated; (3) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to the plaintiff from a delay; (4) the burden any particular aspect of the proceedings may impose on the defendant; (5) the status of the criminal case; and (6) the efficient use of judicial resources; and the interests of the public in the pending civil litigation. *Doe v. Wayne Cnty. Sch. Sys.*, No. 2:24-cv-5, 2024 WL 3317752, at *2 (S.D. Ga. July 5, 2024); *Sec. & Exch. Comm'n v. Mohamed*, No. 1:22-CV-03252-ELR, 2023 WL 6217360, at *3 (N.D. Ga. July 10, 2023).

Contemplation of each of these factors shows that a partial stay of discovery as to McKinney is warranted. [*See e.g.*, Doc. 72 at 2–6 (Order granting Defendant Phillips' Motion for Partial Stay of Discovery [Doc. 19])].

*Melanie Hogan Sluder et al. vs. Rebecka Phillips et al.*
U.S. District Court for the Northern District of Georgia
Page **3** of **8**

**(A)    The extent to which the issues in both cases overlap weighs in favor of granting the partial stay of discovery.**

The instant civil action and pending criminal case against McKinney overlap almost entirely because both cases involve the same incident and allegations that Defendant McKinney failed to respond to the medical emergency presented by Alexis Sluders' overdose while in custody at the RYDC.

**(B)    The extent to which McKinney's Fifth Amendment rights are implicated.**

Defendant McKinney faces allegations in both cases concerning his managerial failure to direct staff at the facility to provide medical care to the Alexis Sluder. Most of the discovery pertaining to Defendant McKinney has focused and will focus on the circumstances of McKinney's involvement in the incident as the director of the facility at that time. Further discovery, particularly at a deposition under oath, would inevitably implicate his Fifth Amendment rights against self-incrimination, requiring him to assert the privilege and risk a negative inference at trial of the civil matter. Therefore, this factor should weigh in favor of granting the partial stay of discovery.

**(C)    Plaintiffs' interests in proceeding expeditiously with discovery and potential prejudice to the Plaintiffs from a delay.**

While Plaintiffs have a legitimate interest in proceeding with discovery expeditiously, any prejudice to the Plaintiffs resulting from a partial stay of

*Melanie Hogan Sluder et al. vs. Rebecka Phillips et al.*
U.S. District Court for the Northern District of Georgia
Page 4 of 8

discovery pertaining to Defendant McKinney is mitigated by the fact that McKinney has already responded to written discovery where possible to do so without the risk of self-incrimination, and the fact that discovery can still proceed as to the other defendants in this case and third party agencies which have now been subpoenaed. Though the criminal case was initially scheduled for trial in November of 2024, upon information and belief, that trial should occur soon and any partial stay, if granted, would likely be short in duration. [*See* Doc. 72 at 4–5]. As Plaintiffs have thus far been able to conduct the bulk of their discovery via written requests, once the criminal case is completed and the partial stay is lifted, they can expeditiously proceed with depositions of Defendant McKinney and others without undue delay. Therefore, Defendant asserts that any prejudice to Plaintiffs resulting from granting this motion would be minimal.

### (D) *The burden that proceeding with discovery may impose on Defendant McKinney.*

The discovery pertaining to Defendant McKinney centers around his involvement in the alleged failure to direct staff and ensure proper administration of medical care to Alexis Sluder. If discovery as to Defendant McKinney proceeds while his criminal case remains pending, such discovery would inevitably implicate his Fifth Amendment rights against self-incrimination. Additionally, McKinney will invariably have to invoke the Fifth

*Melanie Hogan Sluder et al. vs. Rebecka Phillips et al.*
U.S. District Court for the Northern District of Georgia
Page **5** of 8

Amendment to a substantial number of questions during a deposition or in response to additional interrogatories, which will yield precious little evidence while also causing him to incur needless expense. Considering this factor, the Court should grant the partial stay.

### (E)    Efficient use of judicial resources and the interests of the public.

McKinney was indicted in the Superior Court of Whitfield County over eighteen (18) months ago, and the criminal trial should likely occur soon. Thus, a partial stay of discovery in this case would serve the interests of judicial efficiency and economy because the resolution of Defendant McKinney's (and others') criminal case may narrow the scope of this case and possibly eliminate the need for some of the discovery. *See Wayne Cnty. Sch. Sys.*, 2024 WL 3317752, at *4. Moreover, while the criminal case remains pending, the parties have agreed to extend the period of discovery to accommodate what may be competing calendars. [*See* Doc. 85].

Additionally, while the public has an interest in the expeditious resolution of both the civil and the criminal cases, given the circumstances in the instant case the public's general interest in the speedy resolution of this case is outweighed by Defendant McKinney's Fifth Amendment rights against self-incrimination. Further, any delay caused by a partial stay of discovery as to Defendant McKinney would be mitigated by the fact that Plaintiffs may still

*Melanie Hogan Sluder et al. vs. Rebecka Phillips et al.*
U.S. District Court for the Northern District of Georgia
Page **6** of 8

proceed with the bulk of discovery as to the other defendants while the criminal action is being resolved. These factors weigh in favor of granting the partial stay. Therefore, the Court should grant Defendant McKinney's Motion for Partial Stay of Discovery.

### (F) *Extent of overlap of issues in criminal and civil cases.*

Both cases arise out of the tragic death of Alexis Sluder and events preceding her death on August 26 and 27, 2022. Defendant McKinney is accused of failing to prevent her overdose death in both matters. Given the near total overlap, this factor should weigh in favor of granting a limited stay of discovery as requested in this motion.

WHEREFORE, Defendant McKinney requests that the Court grant his motion and issue a partial stay of discovery with respect to any requests for McKinney to provide sworn testimony at deposition or in responses to written discovery until the criminal proceeding in Whitfield County is resolved.

Respectfully submitted this <u>14th</u> day of March 2025.

GANNAM GNANN & STEINMETZ, LLC

By:    /s/ Garrett R. Greiner
      GARRETT R. GREINER
      Georgia State Bar No. 874451

      *Attorney for Defendant David McKinney*

Post Office Box 10085
Savannah, Georgia 31412
(912) 232-1192
ggreiner@ggsattorneys.com

*Melanie Hogan Sluder et al. vs. Rebecka Phillips et al.*
U.S. District Court for the Northern District of Georgia
Page **7** of 8

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have on this day served all parties in this case in accordance with the required Notice of Electronic Filing (ECF) by filing the foregoing with the Clerk of Court using the CM/ECF system which automatically generates electronic notification of such filing to all counsel of record.

This <u>14th</u> day of March 2025.

GANNAM GNANN & STEINMETZ, LLC

By:    /s/ Garrett R. Greiner
       GARRETT R. GREINER
       Georgia State Bar No. 874451

       *Attorney for Defendant David McKinney*

Post Office Box 10085
Savannah, Georgia 31412
(912) 232-1192
ggreiner@ggsattorneys.com

*Melanie Hogan Sluder et al. vs. Rebecka Phillips et al.*
U.S. District Court for the Northern District of Georgia
Page **8** of **8**