IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MELANIE HOGAN SLUDER and RICKY SHAWN CURTIS, Individually and as Independent Administrators of the ESTATE OF ALEXIS MARIE SLUDER, Deceased,<br><br>*Plaintiffs*,<br><br>v.<br><br>MAVEIS BROOKS *et al.*<br><br>*Defendants*. | Civil Action File No.<br>4:24-CV-00181-WMR |

## DEFENDANT MAVEIS BROOKS MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT

COMES NOW, Defendant Maveis Brooks with her Partial Motion to Stay Discovery and Brief in Support.

I. **Introduction**

Defendant Maveis Brooks moves to stay discovery pending the resolution of her related criminal prosecution in the Superior Court of Whitfield County, Georgia. Brooks seeks to stay all discovery requiring her sworn testimony, including depositions and additional written discovery, until the criminal

proceedings are resolved. Defendant Phillips, who has been indicted for the same offenses as Brooks, was granted a partial stay in February 2025. [Doc. 72]. Brooks now moves for identical relief. This motion is necessary to protect Brooks' Fifth Amendment rights against self-incrimination and to ensure the fair administration of justice.

## II. Background

This case arises from the death of Alexis Sluder on August 27, 2022, a 16-year-old detainee at the Elbert Shaw Regional Youth Detention Center (RYDC). Plaintiffs allege that Sluder died from a drug overdose after ingesting methamphetamine before her arrest and that Defendant Brooks, along with other defendants, failed to provide necessary medical care during her detention. The following allegations are drawn from Plaintiffs Complaint:[1]

Sluder was arrested on August 26, 2022, for possession of methamphetamine and other offenses. She was transported to the RYDC, where she underwent medical and mental health screenings. During intake, Plaintiffs contend that Sluder disclosed that she had ingested methamphetamine and other substances earlier that day and expressed suicidal ideation. [Compl., Doc. 1 ¶¶ 34-60].

---

[1] This recounting of the allegations is not an admission or waiver, and Defendant reserves the right to dispute any allegation in the Complaint.

Based on her disclosures and medical risks, Sluder was placed on Level III observation to be constantly monitored. [Doc. 1 ¶¶ 71-79].

Plaintiffs allege that Sluder exhibited clear signs of a medical emergency. Despite being aware of her symptoms, Plaintiffs assert that Defendants failed to take reasonable measures to address her condition. [Doc. 1 ¶¶ 80-97].

Sluder died that night, with the cause of death determined to be methamphetamine toxicity. Plaintiffs allege that Brooks acted with deliberate indifference to Sluder's medical needs, violating her Fourteenth Amendment rights under 42 U.S.C. 1983. [Doc. 1 ¶¶ 176-193].

In August 2023, Brooks and other defendants were indicted for cruelty to children in connection with Sluder's death in the Superior Court of Whitfield County. Brooks is now being criminally prosecuted. [Doc. 1 ¶¶ 137-150]. O.C.G.A. § 16-5-70 allows for penalties and imprisonment of up to 20 years if Brooks is convicted, with a mandatory minimum of sentence of 5 years.

## III. Procedural Posture

Plaintiffs sued Defendants on July 23, 2024. [See, Doc. 1]. Defendants, save Brooks, were served with process in August 2024. Brooks was served several months later. [Doc. 47]. On February 10, 2025, Phillips, who faces charges identical to Brooks, was granted a partial stay. [Doc. 72]. Brooks, like Phillips, has responded to written discovery, but depositions have not been taken.

3

Discovery in this case will expressly implicate Brooks' Fifth Amendment rights in the criminal prosecution. And to preserve her constitutional rights and relieve her from the prejudice associated with providing sworn testimony during the pendency of her criminal case, she requests a partial stay of discovery.

## IV. Argument And Citation To Authority

### A. Legal Standard for Granting a Stay of Discovery

A district court has broad discretion to stay proceedings in furtherance of its inherent power to control its docket and when it serves the interests of justice. *N. Illinois Gas Co. v. USIC, LLC*, 2023 U.S. App. LEXIS 9134, 2023 WL 2977784 (11th Cir. Apr. 18, 2023). District courts in the Eleventh Circuit have considered several factors when determining whether to stay discovery where there are parallel criminal proceedings, including:

1. The extent to which the issues in the criminal and civil cases overlap;
2. The extent to which the Defendant's Fifth Amendment rights are implicated;
3. The interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay;
4. The burden on the defendant;
5. The status of the criminal case, including whether the defendant has been indicted;
6. The efficient use of judicial resources; and
7. The public interest.

*S.W. v. Clayton Cnty. Pub. Sch.*, 185 F. Supp. 3d 1366, 1371-72 (N.D. Ga. May 12, 2016).

### B. Application of Factors

*1. Overlap of Issues in the Civil and Criminal Cases*

The issues in the criminal and civil cases overlap entirely, as both arise from the same incident and involve allegations that Brooks failed to respond to Sluder's medical emergency. "[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Clayton Cnty. Sch.* at 1372; see also, Doc. 72 at 3. This critical factor weighs heavily in favor of a partial stay.

*2. The Implication of Brooks' Fifth Amendment Rights*

The Fifth Amendment permits a person not to answer questions in a civil proceeding when those answers might incriminate her in a criminal proceeding. *Erwin v. Price*, 778 F.2d 668, 669 (11th Cir. 1985). The Fifth Amendment is violated when a defendant in a civil case is forced to choose between waiving her Fifth Amendment privilege or facing an adverse judgment in the civil case. *United States v. Premises Located at Route 13*, 946 F.2d 749, 756 (11th Cir. 1991). Yet the Fifth Amendment does not forbid the jury from drawing adverse inferences in

the civil case based on the defendant's refusal to testify. *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1310 (11th Cir. 2014).

The allegations in the civil suit and in the criminal prosecution involve the same nucleus of operative facts: her involvement in the alleged failure to provide medical care to the minor. The discovery in this case, and particularly a deposition, would— without question— implicate her Fifth Amendment rights. This element weighs heavily in favor of the stay.

3. *Status of the Criminal Case*

Brooks has been indicted for cruelty to children in connection with the events of August 2023. It is Brooks' understanding that the criminal trial will occur soon. [See, e.g., Doc. 19-2 at 9 (indicating Brooks would be tried soon and that she was first on the calendar). The pendency of an active criminal prosecution strongly supports a stay to protect Brooks' Fifth Amendment rights.

4. *Plaintiffs Interests and Potential Prejudice*

While Plaintiffs have an interest in proceeding expeditiously, any prejudice caused by a stay is mitigated by the fact that discovery can proceed against the other defendants. Brooks has already responded to targeted written discovery. The criminal case is also expected to resolve soon, making any delay short. In sum, any

potential prejudice to Plaintiffs would be, at worst, minimal. This factor does not weigh against a stay.

5. *Burden on Brooks*

Again, discovery in this civil case will focus almost exclusively on the incident that underpins the criminal charges. It would require her to participate in discovery while her criminal case is pending and force her to choose between waiving her Fifth Amendment rights or risking adverse inferences. This burden strongly supports a stay. And as the Court points out in the Order on Phillips' stay, repeatedly invoking the Fifth Amendment to nearly all the questions posed would squander the parties' time, resources, and money. [Doc. 72 at 5]. This factor also weighs in favor of a partial stay.

6. *Interests of the Court and Public*

Although the public has an interest in a prompt resolution of the civil and criminal cases, those interests are outweighed by Brooks' constitutional rights under the Fifth Amendment. The public interest in the fair administration of justice is an additional consideration that supports a stay, since Brooks would be unable to testify about what took place in August 2022 or adequately defend herself. This element heavily favors a partial stay.

## V. CONCLUSION

For these reasons, Defendant Maveis Brooks asks the Court to grant her motion to stay discovery pending the resolution of her criminal case.

WHEREFORE, Defendant Brooks requests a partial stay of discovery with respect to her being forced to provide sworn testimony, including additional written responses or depositions, until the criminal proceeding is resolved.

Respectfully submitted this 28th day of March 2025.

                                            **HENEFELD & GREEN, P.C.**

                                            /s/ Noah Green
                                            Noah Green
                                            Georgia Bar No. 468138
                                            *Attorney for Defendant Brooks*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, served Defendant Maveis Brooks' Motion for a Partial Stay of Discovery and Brief in Support via the CM/ECF filing system.

This 28th day of March, 2025.

**HENEFELD & GREEN, P.C.**

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant Brooks*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com