UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MELANIE HOGAN SLUDER and ) <br> RICKY SHAWN CURTIS, Individually and ) <br> as Independent Administrators of the Estate ) <br> of Alexas Marie Sluder, Deceased, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> REBECKA PHILLIPS, MAVEIS BROOKS, ) <br> RUSSELL BALLARD, SHARON ELLIS, ) <br> DAVID MCKINNEY, MONICA ) <br> HEADRICK, and GILMER COUNTY (a ) <br> municipal corporation), ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE NO.: <br> 4:24-cv-00181-WMR |

### DEFENDANT MONICA HEADRICK'S MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT

COMES NOW Defendant Monica Headrick ("Defendant Headrick"), by and through her undersigned counsel of record, and hereby respectfully files this Partial Motion to Stay Discovery and Brief in Support.

### Procedurally Relevant Facts

A criminal case is pending against Defendant Headrick in the Superior Court of Whitfield County, Case #23CR01094-S; see Joint Preliminary Report and Discovery Plan, Doc. 39, ¶1(d). This criminal case arises out of the same alleged incident(s) as this civil action. See Doc. 1, ¶150 ("depriving said child of the necessary medical care

1

she needed while in the lawful custody of said defendants by not contacting emergency medical authorities in a timely manner.").

To protect her Fifth Amendment rights against self-incrimination, Defendant Headrick seeks to stay all discovery requiring her sworn testimony, including depositions and additional written discovery, until the criminal proceedings are resolved. It should be noted that on February 10, 2025, the Court entered an Order granting a substantially similar motion filed by co-Defendant Rebecka Phillips. See Doc. 72. Defendant Headrick seeks identical relief to that granted to Defendant Phillips and requested by Defendant Maveis Brooks.

## Law and Citation of Authority

A court has the power to stay a civil proceeding due to an active parallel criminal investigation. SEC v. Healthsouth Corp., 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2015). However, "a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" United States v. Lot 5, Fox Grove, Alachua Cnty. Fla., 23 F.3d 359, 364 (11th Cir.1994) (quoting United States v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1990)).

> "Whether to stay a parallel civil case is otherwise a matter of district court discretion, based on an analysis of the following six factors: 1. The extent to which the issues in the criminal case overlap with those presented in the civil case; 2. The status of the case, including whether the defendants have been indicted; 3. The private interests of the

plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4. The private interests of and burden on the defendants; 5. The interests of the courts; and 6. The public interest."

S.W. v. Clayton Cnty. Pub. Sch., 185 F. Supp. 3d 1366, 1372 (N.D. Ga. 2016) (citation omitted). District Courts within the Eleventh Circuit have routinely found that these factors are met when civil defendants face overlapping criminal cases. Id. Even if this Court finds that no "special circumstances" require a stay, a consideration of all factors weighs in favor of it.

**I.     The extent to which the issues in the criminal case overlap with those presented in the civil case.**

There is no question that there is significant overlap with respect to the issues in both this civil matter and the parallel criminal case. Defendant Headrick was indicted in the Superior Court of Whitfield County for Cruelty to Children in the Second Degree. As stated in Plaintiffs' Complaint Cruelty to Children in the Second Degree involves "causing a child under the age of eighteen (18) years, cruel and excessive physical pain by depriving said child of the necessary medical care she needed while in the lawful custody of said defendants by not contacting emergency medical authorities in a timely manner." Doc. 1, ¶150. Similarly, Plaintiffs' Complaint alleges that Defendant Headrick "acted objectively unreasonably and with deliberate indifference towards the safety of Alexis Sluder." Id. The issues presented in both the criminal case and the civil case against Defendant Headrick center around the

3

alleged deprivation of medical care.

"The degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." SEC v. Healthsouth Corp., 216 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003). Here, this factor weighs entirely in favor of granting Defendant Headrick's request for a stay.

## II. The status of the case, including whether the defendants have been indicted.

"Courts generally 'recognize that the case for a stay is strongest where the defendant has already been indicted.'" SEC v. Rand, Civil Action No. 1:09-CV-01780-AJB, 2010 WL 11549601, at *6 (N.D. Ga. Dec. 14, 2010) (quoting Chao v. Fleming, 498 F. Supp. 2d 1034, 1037–38 (W.D. Mich. 2007)). As Defendant Headrick has already been indicted, this factor also weighs in favor of staying the civil matter. SEC v. Mohamed, 2023 WL 6217360, at *3 (N.D. Ga. Jul. 10, 2023).

## III. The private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay.

While the Plaintiffs have an interest in avoiding delay, a criminal defendant "should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions in criminal discovery and thereby obtain documents he would not otherwise be entitled to use in his criminal suit." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962). Moreover, "a judge should be

4

sensitive to the differences in the rules of discovery in civil and criminal cases." Id. Even considering the Plaintiffs' interest in avoiding delay, this factor weighs in favor of a stay.

## IV. The private interests of and burden on the defendants.

It is almost certain that Plaintiffs will seek to depose Defendant Headrick in the civil matter. As a result, Defendant Headrick will likely face the choice of either providing substantive testimony that might incriminate her in the parallel criminal case or invoking her Fifth Amendment privilege against self-incrimination which could result in an adverse inference in the civil case. A stay of the civil matter would enable Defendant Headrick to avoid this precarious position. Therefore, this factor also weighs in favor of a stay.

## V. The interests of the courts.

As the doctrine of collateral estoppel could "prevent relitigation of issues subsequently brought in a civil suit to the related issues determined in the criminal proceedings," this factor also weighs in favor of stay. In re Fin. Federated Title and Trust, Inc., 347 F.3d 880, 886 (11th Cir. 2003). In addition to the narrowing of issues, it is also important to consider the increased possibility of settlement that could accompany the resolution of the criminal matter.

## VI. The public interest.

"Administrative policy gives priority to the public interest in law enforcement."

5

Campbell, 307 F.2d at 487. Additionally, "the criminal prosecution will serve to advance the public interests at stake here." <u>Trustees of Plumbers & Pipefitters Nat. Pension Fund</u>, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995). For these reasons, this factor also weighs in favor of stay.

## Conclusion

Because all six factors referred to herein weigh entirely in favor of granting a stay of this matter and, most importantly, because it is clear from Plaintiffs' Complaint that Defendant Headrick's criminal case overlaps this civil matter, this Court should grant this motion and stay discovery in this case for a period not to exceed 60 days after the resolution of Defendant Headrick's criminal trial. For the Court's convenience, a proposed Order is attached hereto.

This 2nd day of April, 2025.

Respectfully submitted,

**BUCKLEY CHRISTOPHER & HENSEL, P.C.**

/s/ Timothy J. Buckley III
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
Attorney for Defendant Headrick

2970 Clairmont Road NE
Suite 650
Atlanta, Georgia 30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2025, I electronically filed and served the DEFENDANT MONICA HEADRICK'S DEFENDANT MONICA HEADRICK'S MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT upon counsel for Plaintiff using the CM/ECF which will automatically send notification of such filing to attorneys of record as follows:

| | |
|---|---|
| Harold Boone, Jr., Esq.<br>The Boone Firm P.C.<br>100 Hartsfield Center<br>Suite 100<br>Atlanta, Georgia 30354<br>hboonejr@boonefirm.com | Sam Harton, Esq.<br>Romanucci & Blandin, LLC<br>321 N. Clark St.<br>Chicago, IL 60654<br>sharton@rblaw.net |

Respectfully submitted,[1]

**BUCKLEY CHRISTOPHER & HENSEL, P.C.**

2970 Clairmont Road NE
Suite 650
Atlanta, Georgia 30329
(404) 633-9230
(404) 633-9640 (facsimile)
tbuckley@bchlawpc.com

/s/ Timothy J. Buckley III
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
Attorney for Defendant Headrick

---

[1] This is to further certify that this document was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1(C).