# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| Melanie Hogan Sluder and ) | | |
| Ricky Shawn Curtis, Individually ) | | |
| and as Independent Administrators ) | | |
| of the Estate of Alexis Marie Sluder, ) | | |
| Deceased, ) | | |
| ) | | |
| Plaintiffs, ) | Case No. 4:24-cv-00181 | |
| ) | | |
| v. ) | Judge: William Ray II | |
| ) | | |
| Rebecka Phillips, et al, ) | Magistrate Judge: Mark Beatty | |
| ) | | |
| Defendants. ) | | |

## PLAINTIFF'S OMNIBUS RESPONSE TO
## DEFENDANT MCKINNEY, BROOKS, AND HEADRICK'S
## MOTION FOR PARTIAL STAY OF DISCOVERY

Now comes Plaintiffs Melanie Hogan Sluder and Ricky Shawn Curtis, by and through their attorneys, responding to Defendants McKinney, Brooks, and Headricks' Motions for Partial Stay of Discovery. Plaintiff responds as follows:

### I. Background

This case arises out of a tragic occurrence in a juvenile detention facility in Dalton, Georgia where Alexis Sluder suffered a painful drug overdose for over four hours and eventually died. Plaintiff has alleged Defendants knew of Alexis's condition and failed to take several feasible steps to ensure her safety, resulting in her suffering and death. Defendants McKinney, Brooks, and Headrick have been indicted and are being criminally prosecuted for child cruelty. Defendants Phillips and Ballard were also indicted, but Phillips has already moved for a partial stay, which was granted,

and the charges against Defendant Ballard have been dismissed. No criminal charges have been brought against Defendant Ellis.

## II. The Requested Relief

Defendants have answered the Complaint and a first batch of written discovery in this case. Plaintiff has received substantial production in this case from third party subpoena respondents with no objection from Defendants. They have moved for a partial stay, in which they only request that they be protected from providing *sworn testimony* until the criminal case is over because their Fifth Amendment rights would be implicated. ECF 86 at 2; ECF 88 at 1-2; ECF 92 at 2. Specifically, they request that they not be required to answer sworn interrogatories or give a deposition.

**Plaintiffs do not intend to seek sworn statements, via deposition or written discovery, from Defendants Brooks, Headrick, or McKinney until such would no longer endanger their Fifth Amendment rights. Accordingly, Plaintiffs do not oppose the relief requested in Defendants' Motions for a Partial Stay. Plaintiffs file a response, though, to ensure the Court is apprised of their position that this stay should be limited to the sworn testimony of the moving Defendants**. Given the extensive delay caused by the criminal proceedings, any stay beyond the partial stay that Defendants seek would prejudice the Plaintiffs, who file this response with the hopes of ensuring that any stay issued by this Court would not prevent the parties from completing the ample work on this case that can be done without jeopardizing any Fifth Amendment rights.

## III. The Partial Stay Should Be Limited to Sworn Statements by Defendants Subject to Criminal Prosecution

At the time of this filing, there appears to be no end in sight to the criminal proceeding. The Superior Court of Whitfield County has ordered[1] that all four trials be severed, so each Defendant will be tried on a different date. **There is no trial date set for any of the Defendants**, and both the prosecution and defense have requested multiple continuances. The next court date for Defendants Brooks and Phillips is a "status" on various motions on June 10, 2025. The next court date for Defendants McKinney and Headrick is a "calendar call" on August 4, 2025, wherein they are expected to either be assigned a trial date or request another continuance.

Given the sluggishness with which the criminal matter has so far proceeded, Plaintiffs do not consider it pessimistic to presume that these criminal proceedings will run deep into the year 2026. In the meantime, there is a lot of work that can be done on the civil case that will not put any Defendant's Fifth Amendment right against self-incrimination at risk, while accounting for "the public need to insure the speedy resolution of the civil proceeding." *See S.E.C. v. Incendy*, 936 F. Supp. 952, 955 (S.D. Fla. 1996). The delay in the criminal matter prejudices Plaintiff and the public interest as memories inevitably fade, documents are destroyed or lost, and witnesses become unavailable. This prejudice will compound as time goes on.

Plaintiffs should be able to take discovery that is not a sworn statement by a criminal defendant, and Defendants do not seem to disagree, as their Motions request

---

[1] There is no online access to the Superior Court of Whitfield County's criminal docket. Counsel for Plaintiff acquired all information regarding the status of the criminal proceeding by calling the clerk's office on April 29, 2025. Plaintiff provides in this paragraph the information relayed by the clerk of the Superior Court of Whitfield County but does not have access to any orders reflecting the information described therein.

very limited relief. Indeed, Plaintiffs filed a motion to compel against the Whitfield County District Attorney and the Georgia Bureau of Investigation seeking documents relating to Alexis's death, and Defendants never sought to prevent the disclosure of such records. See ECF 63. Such documents were recently produced without any objection by Defendants. Plaintiffs should also be permitted to take sworn testimony from individuals involved in this case who are not subject to criminal prosecution.

Defendants have requested a limited stay on discovery as it pertaining to *their own sworn statements*, so relief granted to Defendants should not have any impact on Plaintiff's ability to issue subpoenas, take depositions of other witnesses, and issue written discovery to other parties. Such an outcome ensures that the Defendants' Fifth Amendment rights are appropriately balanced against Plaintiffs' interest in speedy resolution of her civil case.

## IV. <u>Conclusion</u>

In sum, the parties agree that a limited stay, in which Defendants facing criminal prosecution should not be compelled to provide sworn statements regarding events related to Alexis Sluder's death, is appropriate. In filing this response, Plaintiff requests that any order issued by this Court granting that partial stay does not prevent the parties from doing other work on the case while the criminal case is pending because that work does not endanger the Fifth Amendment rights. There is ample work which can be done without jeopardizing any Defendant's right against self-incrimination, and Plaintiffs merely wish to clarify that they should be permitted

to do so regardless of this limited stay so that the criminal proceedings do not unfairly prejudice them.

/s/ Sam Harton
One of Plaintiff's Attorneys

Romanucci and Blandin, LLC
Sam Harton (pro hac vice)
321 N. Clark St. Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: sharton@rblaw.net

Harold Boone, Jr.
The Boone Firm, P.C.
100 Hartsfield Center Parkway
Suite 100
Atlanta, GA 30354
(470) 765-6899 (phone)
(470) 745-6047 (fax)
Email: hboonejr@boonefirm.com
