<u>IN THE UNITED STATE DISTRICT COURT</u>
<u>FOR THE NORTHERN DISTRICT OF GEORGIA</u>
<u>ROME DIVISION</u>

| | | |
|---|---|---|
| Melanie Hogan Sluder and | ) | |
| Ricky Shawn Curtis, Individually | ) | |
| and as Independent Administrators | ) | |
| of the Estate of Alexis Marie Sluder, | ) | |
| Deceased, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:24-cv-00181 |
| | ) | |
| v. | ) | |
| | ) | |
| Rebecka Phillips, et al, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**</u>

Plaintiffs Melanie Hogan Sluder and Ricky Shawn Curtis, by and through

their attorneys, hereby move[1] for leave to file their First[2] Amended Complaint. Ex.

1, Proposed First Amended Complaint. Plaintiffs state as follows:

## I.    <u>Background</u>

Plaintiff has alleged that the Defendants—including former employees of the

State of Georgia and its Department of Juvenile Justice—committed numerous acts

and omissions that ultimately resulted in Alexis Sluder not receiving the life-saving

---

[1] The claims that have been amended most substantially are those against Defendant McKinney, yet Defendants McKinney and Headrick indicated they would not oppose Plaintiff's motion for leave to file the amended complaint. Defendant Ellis indicated opposition to the motion for leave to amend. The remaining Defendants did not respond to Plaintiff's inquiry regarding whether they would oppose.

[2] Plaintiff had previously sought to leave to amend the complaint, but that motion was denied as moot because Plaintiff voluntarily dismissed the Defendant to which the amendments were relevant. Accordingly, the proposed amended complaint would be the *First* Amended Complaint.

medical care she desperately needed for over four hours while she endured a medical emergency in their custody. As a direct result of their deliberate indifference, Alexis succumbed to a preventable and agonizing death at just sixteen years old. Plaintiffs filed a complaint initiating this action in July 2024. ECF 1. All claims are brought against Defendants pursuant to Section 1983 for deprivation of Alexis's Fourteenth Amendment Rights.

In addition to this civil action, four of the Defendants—Phillips, Brooks, McKinney, and Headrick—are facing criminal prosecution for child cruelty for their acts and omissions on the night of Alexis's death.  These pending criminal charges have significantly delayed the progress of this case: the matter is partially stayed as to Defendant Phillips, and Defendants Brooks, McKinney, and Headrick have moved for similar partial stays precluding their oral depositions. ECF 72, 86, 88, and 92.

In the meantime, Plaintiffs have tried to do as much work as possible on the case so that when the stay is lifted, the parties can proceed to trial with little more delay. This has included seeking production of the documents relevant to the incident. Between April 10-22, 2025, Plaintiff received a large batch of documents from the Whitfield County District Attorney, the Georgia Bureau of Investigation, and the Department of Juvenile Justice. This production contains over ten gigabytes of records, including videos of Ms. Sluder's death, the related internal investigative report, records reflecting what communication occurred between the Defendants on the night of the incident, and more. Plaintiffs did not have these

2

records when they filed their complaint and have spent the last few weeks

reviewing them in detail.

These records contain information supporting new allegations that relate

back to the original complaint which Plaintiffs wish to add to their complaint. The

new discovery sheds light on the communication occurred between Defendants

during Alexis's death and the chain of command that affected their decisions.

Accordingly, Plaintiff seeks to amend their complaint to add allegations that

support failure to intervene claims against Defendants Phillips, Brooks, Headrick,

McKinney, and Ballard, and a supervisory liability claim against Defendant

McKinney.

## II.    <u>Argument</u>

Leave to amend a complaint "shall be freely given when justice so requires."

Fed.R.Civ.P. 15(a). Here, justice requires that Plaintiffs be allowed to amend their

complaint to add claims that relate back to the original pleading, do not run afoul of

the Court's Scheduling Order, and do not prejudice any Defendant.

### A. Plaintiffs' amendments relate back to the initial complaint.

Fed. R. Civ. P. 15(c)(1) allows for the amendment of a complaint when the

amendment 'relates back' to the original claims. *Alliant Tax Credit Fund 31-A, Ltd.*

*v. Murphy*, No. 1:11-CV-00832-RWS, 2013 WL 4028900, at \*2 (N.D. Ga. Aug. 7,

2013), *order clarified on reconsideration,* No. 1:11-CV-0832-RWS, 2014 WL 1292845

(N.D. Ga. Mar. 31, 2014). "As long as the amended complaint refers to the same

transaction or occurrence that formed the basis for the original complaint and the

defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; **even** new defendants and **new theories of recovery will be allowed**." *Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 1968) (emphasis added)[3]; *See also United States v. Smith*, No. 3:11CR24/MCR/EMT, 2016 WL 11705356, at *1 (N.D. Fla. Sept. 29, 2016) ("In general, relation back is permitted under Rule 15(c)(2) where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading.").

Plaintiffs' initial complaint alleges that Defendants committed several acts and omissions that caused Alexis's pain, suffering, and ultimate death in the Elbert Shaw Regional Detention Center on August 26 and 27, 2022, all of which amounted to Fourteenth Amendment violations. Such reasonable actions included failing to contact emergency medical services, failing to transfer Alexis to a medical facility, failing to monitor Alexis, and more. The amendments for which Plaintiffs request leave merely add to the list of acts and omissions Defendants took that violated Alexis Sluder's rights and caused her injuries and death. Namely, they allege that 1) Defendants failed to intervene in each other's unconstitutional conduct to prevent Alexis's suffering and death, 2) Defendant McKinney directed his subordinates to take actions that deprived Alexis of her constitutional rights, and 3) Defendant

---

[3] Fifth Circuit opinions published before 1981 are binding on District Courts in the Eleventh Circuit.

4

McKinney maintained and enforced a policy on the night of the incident that caused

Alexis's suffering and death.

All of these actions refer to the same occurrence that formed the basis of the

original complaint: Alexis's overdose and death while in the custody and care of

Defendants on August 26 and 27, 2022. Indeed, they do not even invoke new legal

bases of liability, as they allege actions taken in violation of Alexis's Fourteenth

Amendment, as the original complaint did, and do not seek to add any new

defendants. While they invoke a slightly different legal theory, they relate back to

the original pleading, and justice requires that Plaintiffs be permitted to add these

proposed amendments.

## B. Plaintiffs' amendments are not untimely under any scheduling order in this case.

The Scheduling Order entered in this case does not impose any time

limitation on Plaintiff's ability to amend the complaint. ECF 48. Rather, the Order

states "[a]ny motions to amend the pleadings must have obtained prior permission

of the court to file any motion to amend." Id. at 1-2. It appears that the Court has

not imposed temporal restrictions, for now, on Plaintiffs' ability to amend the

Complaint so long as they request leave from the Court. Id. Whereas Plaintiffs

would have to show good cause to amend if the Court had imposed a deadline that

had already passed,[4] a situation where there is no such deadline does not warrant

---

[4] In the parties' joint scheduling report and discovery plan, ECF 39, Plaintiff stated the
following: "Plaintiff will amend the Gilmer County, Georgia name. Plaintiff proposes a deadline to
amend the pleadings fourteen days from entrance of this Order." This proposed deadline to amend
pleadings has no bearing on the instant matter. First, the proposed deadline is clearly referring to
the intent to amend the complaint as it pertained to Gilmer County, who was subsequently

applying that heightened standard. See *Datastrip Int'l Ltd. v. Intacta Techs., Inc.*, 253 F. Supp. 2d 1308, 1318 (N.D. Ga. 2003) (where the Court had not imposed a deadline to amend pleadings due to an oversight, Fed. R. Civ. P. 16 did not apply, and no showing of good cause was required).

Even if Plaintiffs were required to show good cause to earn leave to amend their complaints, new evidence shedding light on facts to is a sufficient justification for amending complaints. In *Wilbourn v. Axcess Staffing Servs., LLC*, the plaintiff sought to amend her complaint several months after the scheduling order's deadline to amend had passed. No. 1:19-CV-4686-LMM-WEJ, 2021 WL 2638047, at *2 (N.D. Ga. Jan. 11, 2021). Her justification was that one month before she moved for leave to amend, she had received a production of documents that supported the proposed amendments. *Id.* This Court found that the interests of justice favored allowing plaintiff to amend her pleadings *and* there was good cause to do so in light of the new discovery. *Id.* Although Plaintiffs' burden in the instant case is much lower since there was no deadline in the scheduling order, they reference the *Wilbourn* case to emphasize that new evidence with new information is a paramount justification for amending a complaint.

---

dismissed from the case. Second, and more importantly, the Court never signed or entered that report. Rather, the Court elected to sign and enter the Scheduling Order at ECF 48, which explicitly instructed the parties to seek leave of the Court when amending complaints but did not impose any deadline to do so.

## C. No Defendant will by unfairly prejudiced by Plaintiff's amendments.

Very little discovery has occurred in this case, at the fault of neither party, so there will be no prejudice to Defendants by adding the proposed amendments. The discovery period has been severely protracted due to the related criminal prosecution of Defendants Phillips, Brooks, McKinney, and Headrick. The court where those prosecutions are pending has severed all four trials, none of which have a date set for trial to begin. Plaintiffs' ability to prosecute this case has been significantly delayed; indeed, proceedings against one Defendant are partially stayed. ECF 72. Shortly after filing the complaint, Plaintiffs issued three subpoenas to third parties with records relating to the underlying incident, and was not able to get access to those records until April 2025, after filing a motion to compel and conferring at length with the subpoena respondents. Now that Plaintiffs have received the relevant production, some of which is designated confidential pursuant to a protective order, they can finally move forward with oral discovery—at least that which has not been stayed.

All of this is to say that hardly any discovery has moved forward due to the parallel criminal matter, and Defendants have not yet been deposed. Experts have not been disclosed on either side, and it is unlikely that summary judgment motions will be briefed any time soon. Accordingly, there is no prejudice to the Defendants in their ability to mount defenses to the additional allegations in the amended complaint.

## III.    <u>Conclusion</u>

Wherefore, Plaintiffs respectfully request the Court grant the Plaintiff's

Motion for Leave to File her First Amended Complaint, which is proposed in the

attached Ex. 1.

<u>/s/ Sam Harton</u>
*One of Plaintiff's Attorneys*

Romanucci and Blandin, LLC
Sam Harton (*pro hac vice*)
321 N. Clark St. Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: sharton@rblaw.net

Harold Boone, Jr.
The Boone Firm, P.C.
100 Hartsfield Center Parkway
Suite 100
Atlanta, GA 30354
(470) 765-6899 (phone)
(470) 745-6047 (fax)