**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| Melanie Hogan Sluder et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:24-cv-00181 |
| | ) | |
| v. | ) | Judge: William M. Ray III |
| | ) | |
| Rebecka Phillips, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**Brief in Support of Plaintiffs' Unopposed Motion to**
**Vacate the Discovery Schedule and Enter Other Miscellaneous Relief**

Plaintiffs, by and through their attorneys, move this Honorable Court to Vacate the Discovery Schedule and Enter Other Miscellaneous Relief due to continuing, related criminal prosecutions which have impeded the parties' abilities to complete discovery. This Motion is **unopposed.** In support thereof, Plaintiff states as follows:

**I.   Introduction**

Four of the six Defendants in this case are currently facing criminal prosecution, which has led to multiple motions to partially stay discovery, including one which has been granted. Accordingly, Plaintiffs have been unable to obtain all the discovery they need to fully prosecute their claims by the current discovery deadline, August 16. At this time, there is no end in sight for the criminal prosecution, and the parties wish to avoid wasting the Court's time with repeated motions to continue deadlines, so Plaintiffs bring this Motion to Vacate the Discovery Schedule and Enter Other Miscellaneous Relief. In so doing, Plaintiffs propose a realistic plan for managing this matter that accounts for the unique circumstances which materially impact the progress of discovery.

**II.   Background**

This case was filed on July 23, 2024, by the parents of Alexis Sluder, who died in August 2022, inside of a youth detention facility in Dalton managed and operated by the Georgia Department of

Juvenile Justice (DJJ). Plaintiffs allege that Alexis's death was the result of deliberate indifference on the part of DJJ Rebecka Phillips, Maveis Brooks, David McKinney, Monica Headrick, and Russell Ballard, as well as Gilmer County Sheriff's Deputy Sharon Ellis.

Shortly after her death, the DJJ launched an internal investigation, and the Georgia Bureau of Investigation (GBI) launched a criminal investigation. A year after Alexis's death, the Whitfield County District Attorney (Whitfield DA) indicted the five DJJ employees who are Defendants in this case. Charges against one Defendant, Russell Ballard, have since been dismissed.

The criminal case has, expectedly, hindered discovery in this case. As a result of the criminal charges, the four Defendants against whom charges are pending moved for partial stays of discovery. Defendant Phillips's Motion for Partial Stay of Discovery was granted on February 10, 2025. ECF 72. Defendants Brooks, McKinney, and Headrick also moved for a partial stay of discovery. ECF 86, 88, 92. Due to the limited relief sought in those motions, in which the parties are only precluded from obtaining sworn testimony from the subject Defendants whose Fifth Amendment rights could be implicated, Plaintiffs did not oppose their motions. ECF 98. Because one stay has been entered and the parties do not disagree that a partial stay regarding three other Defendants is appropriate, Plaintiffs have not sought the deposition testimony of Defendants Phillips, Brooks, McKinney, and Headrick.

The court presiding over the prosecution of Defendants Brooks, Phillips, McKinney, and Headrick severed the trials of all four Defendants. The Defendants' next court dates are August 4, 2025 (calendar call[1] for Defendants McKinney and Headrick) and August 15, 2025 (a status hearing

---

[1] Plaintiff understands "calendar call" to be a docket before the Whitfield County Superior Court in which the parties in a criminal case either indicate their readiness for trial then receive a trial date or ask for a continuance.

2

for Defendant Brooks and a motion hearing for Defendant Phillips).[2] **Still, no trial is scheduled in the criminal case**.

The parties continue to work diligently to complete those tasks which can be completed despite the partial stay and Fifth Amendment concerns: they have exchanged written discovery, obtained relevant production via subpoena, and deposed one of two Defendants who are not facing criminal charges. The parties continue to coordinate to schedule other depositions which would not be subject to the partial stays.

### III.    Relief Requested

Plaintiffs previously brought an unopposed motion requesting an amended discovery schedule, ECF 85, that identified similar issues noted in the instant motion. There, Plaintiffs requested an extension which was ultimately granted. ECF 91. There, this Honorable Court set discovery in this matter to close on August 18, 2025. Summary Judgment Motions were to follow on September 17, 2025. The issues attendant to the criminal prosecutions, as described *supra*, simply preclude the parties from obtaining some of the most essential testimony in this case before those dates. Further, given the indefinite status of the criminal case, Plaintiffs cannot even estimate, much less provide an exact date, of when they can be expected to complete all discovery, including Defendants' depositions. With one partial stay in place, three partial motions to stay pending, and no resolution of the criminal cases in sight, extensions of discovery will result in functionally arbitrary deadlines and redundant motions for further extension.

Plaintiffs respectfully request this Court vacate the current discovery schedule, order Defendants to provide a monthly status report on the status of the criminal trials, and set a status conference for the month of September. The parties will continue to work diligently to complete

---

[2] Plaintiff does not have access to Whitfield County's criminal docket. These dates are based on representations made by the Whitfield County Clerk of Superior Court on July 14, 2025.

3

discovery which is not subject to the partial stay. This proposal will avoid wasteful motions to extend discovery in a partially stayed case, ensure that all parties are apprised of the status of the criminal proceedings, and allow the Court to actively track the progress of the civil case, make any necessary adjustments, and address issues as they arise.

On July 14, 2025, lead counsel for Plaintiffs emailed all defense counsel and asked if they opposed this Motion. Counsel for each Defendant responded and indicated the motion could be filed **unopposed**.

IV. <u>Conclusion</u>

Plaintiffs respectfully request that the Court enter the following relief:

a) The deadline to complete discovery by August 18, 2025, is VACATED.

b) The deadline to file Summary Judgment Motions by September 17, 2025 is VACATED.

c) Defendants Phillips, Brooks, McKinney, and Headrick are ORDERED to file a report explaining the current status of their criminal case on or before the 20th day of each month.

d) The parties are ORDERED to continue making diligent efforts to complete any discovery which is not subject to any stay in this case.

e) The parties are ORDERED to appear before Judge William M. Ray via Zoom on September ___, 2025, for a status conference.

Wherefore, for the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court grant the relief described in this motion.

4

/s/ Sam Harton
One of Plaintiff's Attorneys
Romanucci and Blandin, LLC
Sam Harton (pro hac vice)
Bhavani Raveendran (pro hac vice)
321 N. Clark St. Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Email: sharton@rblaw.net

Harold Boone, Jr.
The Boone Firm, P.C.
100 Hartsfield Center Parkway
Suite 100
Atlanta, GA 30354
(470) 765-6899 (phone)
(470) 745-6047 (fax)
hboonejr@boonefirm.com (email)

*Attorneys for Plaintiffs*

5