IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MELANIE HOGAN SLUDER, et al.,<br><br>          Plaintiffs,<br>vs.<br><br>REBECKA PHILLIPS, et al.,<br><br>          Defendants. | CIVIL ACTION<br>NO. 4:24-cv-00181-WMR |

# ORDER

In this civil case, Plaintiffs assert claims under 42. U.S.C. § 1983 against Defendants arising out of a tragic occurrence in a juvenile detention facility in Dalton, Georgia where Plaintiffs' minor child suffered from a drug overdose and eventually died while in the custody, care, and control of the Defendants. [*See* Doc. 105]. Four of the six Defendants in this case are currently facing criminal prosecution, and those criminal cases overlap with the present civil case because they involve the same incident and allegations.

The Court has already granted Defendant Phillips' motion for a partial stay of discovery based on Fifth Amendment implications, exempting her from providing any sworn statements or testimony in connection with discovery until her criminal case is over. [*See* Doc. 72]. As there does not appear to be an end in sight for their respective criminal cases, Defendants Brooks, McKinney, and Headrick have

1

likewise moved for a partial stay of discovery.[1] [Doc. 86; Doc. 88; Doc. 92]. Plaintiffs do not oppose the relief requested by Brooks, McKinney, and Headrick, provided that the stay is limited to their sworn statements and testimony. [*See* Doc. 98].

Based on the foregoing, it is hereby **ORDERED** that the respective motions for partial stay of discovery filed by Defendants Brooks [Doc. 86], McKinney [Doc. 88], and Headrick [Doc. 92] are **GRANTED**. Accordingly, each of said Defendants shall not be required to provide any sworn statements or testimony in connection with discovery until his or her respective criminal case is over. It is further **ORDERED** that the parties shall continue to make diligent efforts to complete all other discovery which is not subject to any stay in this case.

SO ORDERED, this 11th day of December, 2025.

_____
WILLIAM M. RAY, II
United States District Court Judge
Northern District of Georgia

---

[1] Due to the ongoing criminal cases, the Court has already vacated all discovery deadlines in this case. [*See* Doc. 120].